**SO ORDERED.**

**SIGNED this 28 day of July, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| IN RE: | |
| CAREMERICA, INC., | CASE NO: 06-02913-8-JRL |
| | Chapter 7 |
| Debtor. | |
| | |
| JAMES B. ANGELL, TRUSTEE, | |
| Plaintiff | |
| vs. | |
| DONA H. BURRELL, | ADVERSARY PROCEEDING |
| | NO. L-08-00156-8-JRL |
| Defendant. | |

_____

**ORDER**

The matter before the court is the motion to dismiss the adversary proceeding by Dona H. Burrell (the "Defendant"). The court held a hearing on this matter on May 21, 2009 in Raleigh, North Carolina. This order confirms and provides the rationale for the oral ruling at the conclusion of the hearing granting the motion to dismiss.

## JURISDICTION AND PROCEDURE

This court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), which this court may hear and determine.

## UNDISPUTED FACTS

1. On September 15, 2006, Caremerica, Inc., Caremerica Adult Care, Inc., The Meadows of Hermitage, Inc., The Meadows of Fayetteville Inc., and The Meadows of Wilmington, Inc. each filed a petition for relief under chapter 11 of the Bankruptcy Code.  These cases were subsequently converted to cases under chapter 7.  On February 4, 2008, the court entered an order allowing the substantive consolidation of the debtors and the appointment of a trustee.  These consolidated cases are administered under the case of Caremerica, Inc., 06-02913-8-JRL.

2. On the date of petition, the debtors operated adult care homes in eastern North Carolina.  The debtors leased the buildings used to operate these adult care homes.

3. Ronald E. Burrell and Michael R. Elliott are shareholders and officers of the debtors.

4. The trustee filed an adversary proceeding against the Defendant on September 14, 2008.  The trustee sought in his complaint to avoid and recover certain alleged preferential and fraudulent transfers made by the debtors to the Defendant.  The complaint alleged preferential transfers of "at least $52,750.00" and fraudulent transfers of "at least $62,750.00."

5. On January 27, 2009, the Defendant filed a motion to dismiss the adversary proceeding for failure to state a claim on which relief could be granted.

6. On May 20, 2009, the trustee filed an amended complaint to avoid and recover preferential and fraudulent transfers (the "Amended Complaint"). Attached to the Amended Complaint was Exhibit A, consisting of a table outlining the transfers alleged to have been made to the Defendant by the debtors.

## STANDARD OF REVIEW

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6); FED. R. BANKR. P. 7012(b). In order to survive a motion to dismiss, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932 (1986)). A pleading which states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2); FED. R. BANKR. P. 7008. A statement showing entitlement to relief under Rule 8(a)(2) must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974.

## ANALYSIS

**1. Motion to Dismiss Preference Claims**

The Defendant contends that the Amended Complaint fails to state a claim upon which relief can be granted and therefore should be dismissed pursuant to Rule 12(b)(6). Specifically, the Defendant asserts that the Amended Complaint fails to allege facts sufficient to show why the trustee is entitled to avoid alleged preferential transfers under § 547 of the Bankruptcy Code. The Supreme Court recently adopted a heightened pleading standard for claims for relief under

Rule 8(a)(2) and the requirements for claims to survive a motion to dismiss under 12(b)(6). The court examined this heightened pleading standard and its relationship to the trustee's claims to avoid transfers under § 547 of the Bankruptcy Code in the related adversary proceeding Angell v. BER Care, Inc., et al., No. L-08-00174-8-JRL (Bankr. E.D.N.C. Jul. 23, 2009). The court incorporates into this order the analysis and pleading requirements for preference claims set forth in Angell v. BER Care, Inc.[1]

Pursuant to the holdings of the Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007) and Ashcroft v. Iqbal, 129 S. Ct. 1937 (U.S. 2009), the complaint of the trustee must satisfy a two-pronged test in order to overcome a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. Under this two-pronged test, the trustee must plead sufficient factual allegations to establish a § 547 preference claim for relief that is plausible.[2] Because a preference cause of action consists of several elements, the court will

---

[1] The chapter 7 trustee in the Caremerica cases filed multiple adversary proceedings against various parties seeking to avoid and recover alleged preferential and fraudulent transfers. In Angell v. BER Care, Inc., the court analyzed the pleading standard for preferential and fraudulent transfer claims in light of two recent Supreme Court opinions, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (U.S. 2009). This order should be read in conjunction with the court's opinion in Angell v. BER Care, Inc.

[2] Section 547(b) provides:

  (b) Except as provided in subsection (c) and (i) of this section the trustee may avoid any transfer of an interest of the debtor in property –
     (1) to or for the benefit of a creditor;
     (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
     (3) made while the debtor was insolvent;
     (4) made –
         (A) on or within 90 days before the date of the filing of the petition; or
         (B) between ninety days and one year before the date of the filing of the petition,

4

address each element in turn.

A. Transfer of an Interest of the Debtor in Property

Section 547(b) provides that a trustee may avoid "any transfer of an interest of the debtor in property . . . ." 11 U.S.C. § 547(b). The trustee alleged in his complaint that the debtors transferred funds to the Defendant in the amount of "a least $52,750.00." In support of this allegation, the trustee attached Exhibit A to the Amended Complaint. Exhibit A contained a table prepared by the trustee which identified the dates, amounts, account numbers, account names, and names of transferees with respect to the transfers alleged.

Upon review of the Amended Complaint and Exhibit A, the court finds that the trustee's allegations include facts which support the trustee's theory that the debtors made preferential transfers to the Defendant. The trustee alleged that "one or more of the Debtors or, in the alternative, the Consolidated Debtor . . . made certain transfers to the Defendant in the amount of at least $52,750.00." While this statement alone fails to sufficiently identify what interests of the debtors were transferred, the accompanying table of transfers provides a list of each transfer and includes the account name from which each transfer derived as well as the date and amount of each transfer. Although the complaint does not include bank statements or similar records on which the trustee's table of transfers is based, the court finds that the information in the table of transfers is factual content in support of the trustee's claim for relief.

---

       if such creditor at the time of such transfer was an insider; and
  (5) that enables such creditor to receive more than such creditor would receive if
       (A) the case were a case under chapter 7 of this title;
       (B) the transfer had not been made; and
       (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

Next, the court must determine whether these factual allegations are sufficient to show that relief under the first element of a § 547 preference claim is plausible. In this case, the table of transfers identify the source of each transfer in the form of an account name and number for each transferor. The table of transfers further indicates which transfers were initiated from Caremerica accounts and also identifies accounts in the name of "The Meadows." However, it is unclear from this table or the supplemental bank statements whether "The Meadows" refers to The Meadows of Hermitage, Inc., The Meadows of Fayetteville Inc., or The Meadows of Wilmington, Inc. In addition, the table of transfers lists transfers from two entities, Meadows of Goldsboro and The Meadows of South, which are not debtors in the underlying case. Because there are multiple debtors and non-debtors sharing a common name, the court finds that the account names are insufficient by themselves to identify the debtors as transferors. In order to show that it is plausible that a debtor transferred an interest in property, the complaint must specify the identify the transferor. It follows that the Amended Complaint fails to meet the plausibility standard necessary to overcome a 12(b)(6) motion to dismiss.

B. To or for the Benefit of a Creditor

The Amended Complaint asserts that the preferential transfers "were made to or for the benefit of the Defendant as a creditor of the transferor." In support of this assertion, the trustee provided certain information with respect to each alleged transfer, including dates, amounts, and the name of each transferee. The court finds that the information provided in Exhibit A to the Amended Complaint, including an identification of the Defendant as transferee and the dates and amounts of each transfer, is sufficient to plausibly assert that funds were transferred to the Defendant. The court further finds that the Defendant's identity as a creditor is contingent on the

existence of an antecedent debt, which is the next element of a preference claim.

C. For or on Account of an Antecedent Debt

Section 547(b)(2) requires that a preferential transfer must be "for or on account of an antecedent debt owed by the debtor before such transfer was made." 11 U.S.C. § 547(b)(2). In In re Valley Media, Inc., 288 B.R. 189 (Bankr. D. Del. 2003), the Delaware Bankruptcy Court held that "the nature and amount of the antecedent debt" was necessary to show entitlement to relief under a preferential transfer theory. Valley Media, 288 B.R. at 192. This court agrees that the trustee must assert the nature and amount of the antecedent debt in order to allege a plausible claim for relief.[3] In the case at bar, the Amended Complaint makes the conclusory assertion that each preferential transfer was made "for, or on account of, an antecedent debt owed by the Transferor to the Defendant before the transfers were made." However, the trustee fails to assert any facts supporting the existence of an antecedent debt. In order to satisfy the pleading requirements under Iqbal, the court finds that the trustee is obligated to allege facts regarding the nature and amount of the antecedent debt which, if true, would render plausible the assertion that a transfer was made for or on account of such antecedent debt.

D. Made while the Debtor was Insolvent

The avoidance of a preferential transfer is contingent on the debtor being insolvent on the date of the transfer. 11 U.S.C. § 547(b)(3). Under § 101(32)(A) of the Bankruptcy Code, a debtor is insolvent when "the sum of such entity's debts is greater than all of such entity's

---

[3]Valley Media was decided prior to the Supreme Court cases of Twombly and Iqbal. However, Valley Media is significant because the Delaware Bankruptcy Court adopted a heightened pleading standard for § 547 preference claims. See Angell v. BER Care, Inc. for the court's examination of the significance of Valley Media in light of Twombly and Iqbal.

property, at a fair valuation . . . ." 11 U.S.C. § 101(32)(A). In In re Troll Commc'ns, 385 B.R. 110 (Bankr. D. Del. 2008), the Delaware Bankruptcy Court considered whether a trustee adequately alleged the debtors' insolvency in its claims for avoidance and recovery of preferential and fraudulent transfers. Troll Commc'ns, 385 B.R. at 124. The complaint in Troll Commc'ns contained a valuation of the debtors' accounts payable and other liabilities, as well as a negative valuation of the debtors' tangible net worth. In addition, the trustee provided notes from the debtors' accountant expressing the unlikelihood that the debtors could continue as a going concern. Id. at 114. The Court found that the financial data in the complaint supported the trustee's allegations that the debtors had a negative net worth and were unable to meet maturing obligations leading up to their bankruptcy filings. Id. at 124. As a result, the Court found sufficient factual allegations of insolvency to permit the trustee to proceed with discovery. Id.

In the case at bar, the court finds that the trustee's allegations of insolvency with respect to transfers alleged to have been made prior to the 90-day period preceding petition are unsubstantiated. The Bankruptcy Code provides that the trustee may presume a debtor to be insolvent during the 90-day period preceding the date of the bankruptcy filing. 11 U.S.C. § 547(f). However, this presumption does not apply to preferential transfers made outside of the 90-day preference period. In this case, the trustee asserts that "the preferential transfers were made while the [t]ransferor was insolvent." Without facts supporting allegations of insolvency, however, the trustee's mere recitation of an element of a § 547 preference claim fails to satisfy the heightened pleading standard applicable to transfers made before the 90-day preference period.

E.  Within 90 Days, or Within One Year if the Creditor was an Insider

The date on which each alleged transfer occurred is critical to ascertaining whether the transfer is subject to avoidability under § 547.  Generally, a transfer is avoidable under § 547 if it was made within the 90-day period before the date of the filing of the petition.  11 U.S.C. § 547(b)(4)(A).  However, if the claimant alleges that the creditor receiving the benefit of the transfer was an insider, the transfer is avoidable if it occurred between 90 days and one year prior to the petition date.  Id. § 547(b)(4)(B).  Regarding the timing of each transfer, the court finds that the information contained in Exhibit A to the Amended Complaint, including the specific date and amount of each transfer, is sufficient to show that it is plausible the transfers occurred on the dates alleged.  However, the trustee must bolster its allegations with respect to transfers made between 90 days and one year prior to the petition date by asserting that the transferee was an insider of the debtor.

Under § 101(31), an insider of a corporate debtor includes a "relative of a general partner, director, officer, or person in control of the debtor."  11 U.S.C. § 101(31)(B)(vi).  The Amended Complaint alleges that "the Defendant is an insider of the Debtors as she is the wife of one of the principal owners of the Debtors."  The Amended Complaint further alleges that the debtors were subject to the dominion and control of Ronald E. Burrell and Michael R. Elliott.  Under the two-pronged test for sufficient pleadings, the court finds first that the allegation that the Defendant is the wife of a principal owner of the debtors is a factual assertion in support of the trustee's claim for relief.  Second, the court finds that the alleged marital relationship between the Defendant and a principal of the debtors creates a reasonable inference that the

Defendant is an insider of the debtors.[4]

F. Enabled Creditor to Receive More than it would under Chapter 7

Under § 547(b)(5), avoidance is also contingent on the trustee establishing that the alleged preferential transfer enabled the transferee to receive more than it would have under chapter 7. "Section 547(b)(5) is a central element of the preference section because it requires a comparison between what the creditor actually received and what it would have received under [chapter 7]." 5 Collier on Bankruptcy, ¶ 547.03[7] (Alan N. Resnick & Henry J. Sommer, eds, 15th ed. rev.). Generally, as long as the distribution to general unsecured creditors would be less than 100%, any payment to such a creditor during the preference period would enable the creditor to receive more than it would in a liquidation had the payment not been made. Id.; see also In re Virginia-Carolina Fin. Corp., 954 F.2d 193, 199 (4th Cir. 1992). Thus, in a situation where the alleged preferential transferee is an unsecured nonpriority creditor, the trustee must show that the distribution to all such creditors in a chapter 7 liquidation would be less than 100%.

In light of the heightened pleading standard expressed by the Supreme Court in Iqbal, the trustee is obligated to support his allegations with facts showing that it is plausible that creditors would receive less than a 100% payout in a liquidation. The court finds that the debtors' summary of schedules, reflecting liabilities far greater than assets, is sufficient to satisfy the trustee's pleading requirement. See Precision Walls, Inc. v. Crampton, 196 B.R. 299, 303 (E.D.N.C. 1996) (summary of schedules demonstrating that liabilities exceeded assets was sufficient to support the bankruptcy court's finding that unsecured creditors would receive less

---

[4]The term "relative" includes an individual related by affinity. 11 U.S.C. § 101(45).

than 100% on their claims).

**2. Motion to Dismiss Fraudulent Transfer Claims**

In addition, the Amended Complaint seeks to avoid alleged fraudulent transfers incurred within the two-year period prior to the petition date of the debtors.  In moving to dismiss the trustee's fraudulent transfer claims, the Defendant contends that the Amended Complaint fails to satisfy the requisite pleading standards.  Section 548 of title 11 allows the trustee to avoid fraudulent transfers of an interest of the debtor in property incurred within two years before the date of the filing of the petition.  11 U.S.C. § 548(a)(1).  Section 548 claims may be founded on actual fraud or constructive fraud.  Id. § 548(a)(1)(A), (B).  Thus, a transfer is avoidable if it was either actually fraudulent in that it "(i) had at its purpose an intent to hinder, delay or defraud the debtor's creditors," or that it was constructively fraudulent in that it "(ii) was made while the debtor was in a precarious financial condition, and the transaction did not provide the debtor with a reasonably equivalent value in exchange for the item transferred." 5 Collier on Bankruptcy, ¶ 548.01 (Alan N. Resnick & Henry J. Sommer, eds, 15th ed. rev.).   The Defendant alleges that the trustee's fraudulent transfer claims must be dismissed for failure to plead sufficient facts to support either actual or constructive fraud.

First, a claim to avoid a fraudulent transfer is sufficient if it satisfies the heightened pleading standard for actual fraud provided in Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b), made applicable by Rule 7009 of the Federal Rules of Bankruptcy Procedure, requires a party alleging fraud to "state with particularity the circumstances constituting fraud . . . ." FED. R. CIV. P. 9(b); FED. R. BANKR. P. 7009.  However, "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Id.  A claim alleging an actual


fraudulent transfer under § 548 must satisfy the particularity requirement of Rule 9(b). See In re Derivium Capital, LLC, 380 B.R. 429, 439 (Bankr. D.S.C. 2006) (citing In re Verestar, Inc., 343 B.R. 444, 459 (Bankr. S.D.N.Y. 2006)). The trustee admits that his claims to avoid fraudulent transfers under § 548(a)(1)(A) are subject to the Rule 9(b) standard for pleading but argues that the particularity requirement of Rule 9(b) should be relaxed because he is a third party with secondhand knowledge and limited access to information at the pleading stage.

The court finds that the Amended Complaint fails to satisfy the particularity requirement of Rule 9(b). Count II of the Amended Complaint recites the elements of a fraudulent transfer under § 548. In addition, the Amended Complaint asserts that the debtors "were subject to the dominion and control of Ronald E. Burrell and Michael R. Elliott, who used such control to commit fraud or wrong, in violation of their legal duties to the Debtors, resulting in substantial losses to creditors of the Debtors." Although the trustee alleges wrongdoing on the part of the principals of the debtors, nowhere in the complaint does the trustee describe the conduct constituting fraud. Without a particularized showing of the circumstances constituting actual fraud, the court finds that the allegations in the complaint fail to satisfy the pleading requirements of Rule 9(b).

Second, a trustee may base his avoidance claim on a theory of constructive fraud pursuant to § 548(a)(1)(B). Section 548(a)(1)(B) allows for the avoidance of certain transfers in which the debtor "received less than reasonably equivalent value" and either (I) was or became insolvent on the date of the transfer; (II) became insufficiently capitalized following the transfer; (III) intended to incur debts that would be beyond its ability to repay; or (IV) made such transfer for the benefit of an insider under an employment contract and not in the ordinary course of

business.  11 U.S.C. § 548(a)(1)(B).  Rule 9(b) does not apply to claims for avoidance of constructively fraudulent transfers because such claims are not based on actual fraud but instead rely on the debtor's financial condition and the sufficiency of consideration provided by the transferee.  In re Derivium Capital, LLC, 380 B.R. 429, 439 (Bankr. D.S.C. 2006) (citing In re Verestar, Inc., 343 B.R. 444, 459 (Bankr. S.D.N.Y. 2006)).  Rather, § 548(a)(1)(B) claims must satisfy Rule 8(a) and the heightened pleading standard introduced in Twombly and Iqbal.  It follows that claims to avoid constructively fraudulent transfers must assert factual allegations showing that relief is plausible.

The Amended Complaint alleges that, with respect to transfers alleged to be fraudulent, the transferors "received less than reasonably equivalent value in exchange from the Defendant for the fraudulent transfers."  The Amended Complaint also alleges that the transferor was "insolvent on the date of each fraudulent transfer or became insolvent as a result of the fraudulent transfers."  Although the trustee's allegations mirror the elements of § 548(a)(1)(B), the trustee fails to support these allegations with factual content describing the consideration received by each transferor or facts supporting the debtors' insolvency at the time of the transfers.  In the absence of such factual content, the trustee cannot show that the avoidance of transfers under a theory of constructive fraud is plausible.

### 3. Conclusion

Based on the foregoing, the Defendant's motion to dismiss the trustee's claims to avoid alleged preferential transfers is GRANTED.  The Defendant's motion to dismiss the trustee's claims to avoid alleged fraudulent transfers under § 548(a)(1) is GRANTED.  However, the court grants permission for the trustee to re-plead his claims against the Defendant according to

the pleading standards expressed in this order and in <u>Angell v. BER Care, Inc., et al.</u>, No. L-08-00174-8-JRL (Bankr. E.D.N.C. Jul. 23, 2009). The trustee shall have 30 days from the date of this order in which to file a second amended complaint. Once the trustee has filed his second amended complaint, the Defendant will have 20 days in which to answer.

"END OF DOCUMENT"